# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

SALVADOR OCAMPO-VERGARA,

    Plaintiff,

v.                                Case No. 5:23-cv-77-MCR-MJF

UNITED STATES,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Salvador Ocampo-Vergara (BOP Register No. 58321-379), proceeding *pro se* and *in forma pauperis*, has filed a complaint under the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"). Doc. 1. Upon review of the complaint, the undersigned recommends that this case be dismissed as malicious, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for Plaintiff's abuse of the judicial process in failing to disclose his litigation history completely and honestly.

### I. BACKGROUND

Plaintiff is a federal prisoner currently confined at the Federal Correctional Institution in Marianna, Florida. Doc. 1 at 2. Plaintiff filed

this lawsuit on March 14, 2023. *Id*. at 13. Plaintiff is suing the United States of America under the FTCA, claiming that on June 15, 2021, one or more federal prison officials at FCI-Marianna failed to protect him from an assault by his cellmate. *Id*. at 5. As relief, Plaintiff seeks 15 million dollars. *Id*. at 7.

## II.  DISCUSSION

### A.  Screening of Plaintiff's Complaint

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (analogous screening provision of the *in forma pauperis* statute).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*,

888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (dismissing action without prejudice as sanction for *pro se* prisoner's lying under penalty of perjury about the existence of a prior lawsuit), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also, e.g.*, *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . . ."); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (affirming dismissal of prisoner's complaint as malicious for abuse of the judicial process where prisoner failed to disclose earlier filed cases).[1]

---

[1] A number of Eleventh Circuit cases say the same thing. *See, e.g., Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history,

**B.     Plaintiff's Reponses to Questions on the Complaint Form**

Plaintiff provided answers to Section VIII of the civil rights complaint form that requires him to disclose his litigation history. Doc. 1 at 8-11. Question VIII(A) of the complaint form asks, "To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a 'strike'?" Doc. 1 at 9.[2] Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (A), Plaintiff marked "No" and disclosed no cases. *Id*. at 9.

---

warrant dismissal under § 1915"); *Rickerson v. Sec'y, Fla. Dep't of Corr.*, No. 21-12110-F, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021) (concluding dismissal of prisoner's complaint as malicious was warranted where plaintiff disclosed six state actions and two federal actions but failed to disclose additional state actions that related to his incarceration or conditions of confinement); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same); *Shelton v. Rohrs*, 406 F. App'x 340, 340-41 (11th Cir. 2010) (same); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

[2] Question VIII(A) was preceded by an explanation of the "three strikes rule" of 28 U.S.C. § 1915(g), including § 1915(g)'s definition of a "strike." Doc. 1 at 8 (defining a "strike" as "an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." (quoting 28 U.S.C. § 1915(g))).

Question VIII(B) of the complaint form asks, "Have you filed other lawsuits in either *state or federal court* dealing with the same facts or issue involved in this case?" Doc. 1 at 9. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), Plaintiff marked "No" and disclosed no cases. *Id*. at 9-10.

Question VIII(C) of the complaint form asks, "Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" Doc. 1 at 10. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), Plaintiff marked "No," and disclosed no cases. *Id*. at 10-11.

At the end of the complaint form, Plaintiff signed his name after the following certification: "I declare, under penalty of perjury, that the foregoing (including all continuation pages) is true and correct. Doc. 1 at 11-12. Thus, Plaintiff has in effect stated that at the time he filed his complaint in this case, he had not filed any other lawsuit in federal court relating to the conditions of his confinement.

## C.     Plaintiff's Omission

Pursuant to Federal Rule of Evidence 201, the undersigned takes judicial notice that at the time Plaintiff filed his complaint in this case, he had filed at least one other lawsuit that required disclosure. Specifically, on September 24, 2020, Plaintiff filed a *Bivens*[3] action in the United States District Court for the Southern District of Mississippi, against prison officials at the United States Penitentiary in Yazoo City, Mississippi. *See Ocampo-Vergara v. Hughes*, Case No. 3:20-cv-00619-DPJ-FKB (S.D. Miss. Sept. 24, 2020). Plaintiff claimed that the prison officials failed to protect him from an assault by other inmates. That case remains pending. Plaintiff submitted a filing in that case as recently as July 31, 2023, specifically, an objection to a report and recommendation that Plaintiff's motion to amend his complaint be denied. *See* Case No. 3:20-cv-00619-DPJ-FKB (S.D. Miss. July 31, 2023), Doc. 59 (Pl.'s Obj. to R. & R.). The *Bivens* action is attributable to Plaintiff because it bears his name and BOP Register No. 58321-379.

---

[3] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

The foregoing lawsuit falls squarely within the complaint form's disclosure requirements. The complaint form required Plaintiff to list all lawsuits he filed in federal court relating to the conditions of his confinement. Plaintiff's failure to disclose the earlier-filed lawsuit violates his duty of candor to this court.

## D.    The Materiality of Plaintiff's Omission

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at 969. "Every lawsuit filed, no

matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to disclose their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.* 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent

verifying the cases a plaintiff has filed but failed to identify can be considerable.

Here, Plaintiff falsely responded to a question on the complaint form as detailed above. Plaintiff knew from reading the complaint form that disclosure of the lawsuit was required. A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### E.     The Appropriate Sanction is Dismissal Without Prejudice

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears* , 509 F. App'x at 936. The court should not allow Plaintiff's false response to go unpunished. *See Wynn v. Postal Serv.*, 735 F. App'x 704, 705 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case for abuse of the judicial process after plaintiff failed to disclose a prior action; noting that the action fell "squarely within the

complaint form's disclosure requirements"); *Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) (same where *pro se* prisoner-plaintiff failed to disclose prior § 2254 petition).

If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) ("[T]he district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same); *Lebarr v. Fla. Dep't of Corr.*, 2022 WL 2438357, at *1 (N.D. Fla. July 5, 2022) (citing multiple cases supporting this proposition).

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to truthfully disclose his earlier-filed lawsuit would equate to overlooking his abuse of the judicial process, because that course of action would

entail no penalty. *See Strickland*, 739 F. App'x at 588 ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources."); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process."); *see also Wromas v. Cromartie*, 2022 WL 1450704, at *1 (N.D. Fla. May 9, 2022) (citing multiple cases for the proposition that "[t]he Court cannot simply allow [the prisoner] to file an amended complaint listing the omitted case because that would not be an adequate sanction or deterrent."); *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020) ("[A]llowing Plaintiff to amend his complaint at this point would amount to no penalty for his inexcusable failure to disclose his litigation history and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form."). There can be no plausible excuse for Plaintiff's failure to disclose his earlier-filed lawsuit as part of his litigation history.

### III.   CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.   This action be **DISMISSED** without prejudice under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2.   The clerk of the court enter judgment accordingly and close this case file.

At Pensacola, Florida, this 22nd day of August, 2023.

/s/ *Michael J. Frank*
   **Michael J. Frank**
   **United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate**

**judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**